IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VESTA R. HOUSE, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF MARYLAND MEDICAL CENTER, <br><br> Defendant. | Civil Action No.: RDB-21-2099 |

**MEMORANDUM ORDER**

Plaintiff Vesta House filed a Complaint together with a Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 1, 2. Based on the information provided in Plaintiff's Motion, she appears to be indigent, so the Motion will be granted. For reasons stated below, the Complaint will be dismissed.

Plaintiff filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff states that while hospitalized at Defendant University of Maryland Medical Center ("UMMC"), she was "negligent in their care in drawing blood." ECF No. 1 at 1. She alleges that the UMMC phlebotomists had increasing difficulty drawing blood, which she had never experienced any issue with prior to her hospitalizations at UMMC. *Id.* Plaintiff also contends that UMMC is in breach of contract, alleging that she entered into a contract with the hospital through her health insurance to have medical care provided to her. *Id.* at 2. She asserts that UMMC failed to provide the customary standard of care. *Id.*

The court must examine whether federal jurisdiction permits adjudication of these claims. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Plaintiff argues that this Court has jurisdiction despite the fact that the diversity of citizenship requirements have not been met. ECF No. 1 at 2-3. Plaintiff argues that the damages caused affected her in both Florida and Maryland. *Id.* at 2. She provides a Maryland address for herself and states that Defendant UMMC is "situated in Maryland." *Id.* at 3. When a party seeks to invoke diversity jurisdiction under § 1332, they bear the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enters., Inc. v. Underwriters*

*at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).  Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  *See Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957).  The Complaint does not establish that this Court has diversity jurisdiction.

Next, the Court reviews the complaint to determine if there is federal subject matter jurisdiction. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 552 (2005).  Further, under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Section 1367 does not create an independent cause of action.  Rather, § 1367 allows a court to exercise supplemental jurisdiction over state law claims, but only where the Complaint also pleads related federal claims.

At best, Plaintiff's Complaint seeks to hold Defendant responsible for medical malpractice, negligence, and breach of contract, none of which state a federal cause of action.  Plaintiff may pursue her claims in Maryland state courts.  The allegations do not establish federal question jurisdiction under 28 U.S.C. § 1331.

Without a jurisdictional basis for suit in federal court, Plaintiff's claims are factually and legally without merit.  Such lawsuits are subject to dismissal pursuant to the court's inherent

authority. The federal rules require dismissal anytime there is a determination there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal is appropriate here, given the lack of federal jurisdiction.

Accordingly, it is this 25th day of August, 2021, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. The Complaint IS DISMISSED without prejudice for lack of jurisdiction;

3. The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff; and

4. The Clerk SHALL CLOSE this case.

                                                                         /s/
                                                RICHARD D. BENNETT
                                        UNITED STATES DISTRICT JUDGE